IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOHN O. LINDER, | No. 01:09-cv-00298-SJM |
| Plaintiff, | Honorable Sean J. McLaughlin |
| v. | |
| DOLLAR TREE STORES, INC.[1] and PAUL DRESLINSKI,[2] | Electronically Filed |
| Defendants. | |

### DEFENDANT DOLLAR TREE STORES, INC.'S ANSWER TO COMPLAINT AND AFFIRMATIVE AND ADDITIONAL DEFENSES

Defendant Dollar Tree Stores, Inc. ("Dollar Tree") by its attorneys, Fox Rothschild LLP, files the following Answer to Complaint and Affirmative and Additional Defenses, stating as follows:

1. Dollar Tree lacks knowledge sufficient to form a belief regarding the truth or falsity of the averment concerning John Linder's current residence and therefore denies the same.

2. In response to the averments of paragraph 2 of the Complaint, Dollar Tree admits that it is a Virginia corporation with its principal place of business located in Chesapeake, Virginia, and that it is a citizen of the United States. Any contrary averments are denied as stated.

3. Admitted.

4. The averments of paragraph 4 state a legal conclusion to which no response is required.

5. The averments of paragraph 5 are denied in their entirety.

---

[1] Plaintiff refers to Dollar Tree Stores, Inc. merely as "Dollar Tree" in his Complaint.
[2] Paul Dreslinski is incorrectly identified as "Paul Drescibski" in Plaintiff's Complaint.

6.	In response to the averments of paragraph 6 of the Complaint, Dollar Tree admits only that Plaintiff worked a regular schedule from November 25, 2007, until on or about December 30, 2007, when he called off sick; that Plaintiff additionally took sick days on January 4, 5, 7 through 11, and 15, 2008; that Plaintiff provided doctors' excuses for certain of his absences in January, 2008; and that Dollar Tree terminated Linder's employment on January 17, 2008, at which time he had been released to regular duty work without any restrictions. Dollar Tree lacks knowledge sufficient to form a belief regarding the truth or falsity of the averments concerning Plaintiff's physical symptoms and communications with his physicians, other than the aforementioned doctors' excuses, and therefore denies the same. All remaining averments of paragraph 6 are denied in their entirety.

In response to the WHEREFORE clause of the Complaint, Dollar Tree denies that Plaintiff is entitled to any of the relief sought therein and respectfully requests that judgment be entered in its favor and against Plaintiff John O. Linder with prejudice, together with costs, attorneys fees, and such other relief as justice requires.

## AFFIRMATIVE AND ADDITIONAL DEFENSES

1.	Plaintiff's Complaint fails to state a claim upon which relief may be granted.

2.	Dollar Tree terminated Plaintiff's employment for violating company policy and conduct unbecoming of a manager, which are legitimate, non-discriminatory reasons.

3.	Dollar Tree was justified and/or privileged in terminating Plaintiff's employment.

4.	Plaintiff is estopped from recovering the relief sought in the Complaint by his violation of company policy and conduct unbecoming of a manager.

5. At all times relevant to the Complaint, Plaintiff was not "disabled" within the meaning of the Americans with Disabilities Act ("ADA") and therefore lacks standing to bring a claim under the ADA.

6. Plaintiff is not a "qualified individual" within the meaning of the ADA.

7. At all times relevant to the Complaint, Plaintiff did not have a physical or mental impairment that substantially limited one or more major life activities.

8. Plaintiff was not "regarded as" or "perceived" to be disabled by Dollar Tree.

9. At all times relevant to the Complaint, Dollar Tree was not aware of Plaintiff having an impairment that substantially limited him in any major life activity.

10. Plaintiff never requested an accommodation for an alleged disability or perceived disability.

11. Plaintiff was not entitled to any accommodations.

12. Dollar Tree was entitled to hold Plaintiff to its employment policies and standards of conduct.

13. Plaintiff's conduct caused and/or contributed to the alleged damages which he seeks in the Complaint.

14. Dollar Tree is not the legal and/or proximate cause of Plaintiff's alleged damages.

15. Plaintiff has failed to reasonably mitigate his claimed damages.

16. Plaintiff has failed to exhaust administrative remedies as to some or all of his claims.

17. Plaintiff's claims may be barred in whole or part by the applicable statutes of limitations.

                                  Respectfully submitted,

                                  FOX ROTHSCHILD LLP

DATED: December 23, 2009        s/ Patrick L. Abramowich
                                  Patrick L. Abramowich
                                  PA ID No. 81143
                                  Amy Kerr Parker
                                  PA ID No. 89054
                                  625 Liberty Avenue, 29th Floor
                                  Pittsburgh, PA 15222-3115
                                  Telephone: (412) 391-1334
                                  Facsimile: (412) 391-6984

                                  *Counsel to Defendants,*
                                  *Dollar Tree Stores, Inc. and*
                                  *Paul Dreslinski*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 23rd day of December, 2009, a true and correct copy of the foregoing Defendant Dollar Tree Stores, Inc.'s Answer to Complaint and Affirmative and Additional Defenses was served via United States mail, first class, postage prepaid, upon the following:

John O. Linder
18 Prather Avenue
Jamestown, NY 14701
*Plaintiff, Pro Se*

FOX ROTHSCHILD LLP


s/ Patrick L. Abramowich